UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE M. SCHULTEA, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action H-06-0666 |
| | § | |
| CITY OF PATTON VILLAGE &, | § | |
| PAMELA MUNOZ | § | |
| *Defendants.* | § | |

# MEMORANDUM OPINION AND ORDER

Defendants City of Patton Village and Pamela Munoz have filed a motion to dismiss plaintiff Joe M. Schultea's case with prejudice pursuant to Fed. R. Civ. P. 12(c). (Dkt. 15).[1] Plaintiff has filed a response (Dkt. 18) to which defendants have filed a reply. (Dkt. 19). The parties appeared for a hearing on October 5, 2006. Having considered the motions, submissions of the parties, arguments of counsel and applicable law, the court orders that defendant's motion be granted in part and denied in part.

## Background

The following facts are undisputed. Plaintiff Joe M. Schultea ("Schultea") is the police chief for the City of Patton Village. Schultea alleges that Pamela Munoz, mayor pro tem of the city, suspended him for three days without cause or prior notice at an open city council meeting. At the time of the suspension, Schultea states that he did not know whether

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge.

the suspension was with or without pay. However, in his next paycheck he received compensation for the three days he was suspended. On the basis of these facts, Schultea brings a 42 U.S.C. § 1983 claim for the deprivation of his Fourteenth Amendment rights and a state law defamation claim against both the City of Patton Village and Munoz.

## Legal Standards

**1.    Judgment on the Pleadings**

Rule 12(c) provides that any party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. FED. R. CIV. P. (12)(C). Rule 12(c) is designed to dispose of cases "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 2001). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001). The standard for a motion to dismiss under Rule 12(c) is the same as a motion for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

The court may dismiss a claim under if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (citing *Lowrey v. Texas*

2

*A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). The court will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones*, 188 F.3d at 324 (5th Cir. 1999). Conclusory allegations or unwarranted deductions of fact, however, need not be accepted as true. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

In deciding whether to grant a 12(c) motion to dismiss, "[t]he issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones*, 188 F.3d at 324. The court should not dismiss the claim " unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.*

## Analysis

**1. Section 1983 Claim**

    **a.    Due Process**

Schultea alleges that Munoz and the City are liable pursuant to 42 U.S.C. § 1983 for violating his Fourteenth Amendment rights because an "adverse employment action" was taken against him without prior notice. The Due Process Clause of the Fourteenth Amendment protects against deprivations of life, liberty, or property without due process or due course of law. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To recover under the Fourteenth Amendment in a section 1983 action, a plaintiff must demonstrate that he was deprived of a liberty or property interest and that he was not afforded adequate procedural

protection prior to or following the deprivation. *Kelleher v. Flawn*, 761 F.2d 1079, 1086 (5th Cir. 1985). If there is no decrease in salary or pay, however, a plaintiff cannot claim the deprivation of a property interest. *See Schultea v. Wood*, 27 F.3d 1112, 1117 (5th Cir. 1994) (*en banc*) (holding that where a chief of police was reassigned and did not suffer a decrease in salary was not the denial of a liberty or property interest).

Both parties agree that Schultea was suspended for three days with pay. Because Schultea did not suffer a decrease in salary, his suspension did not deprive him of a property interest. Furthermore, when an employee retains his position even after being defamed by a public official, the injury to his reputation does not rise to the level of a liberty interest. *Schultea*, 27 F.3d at 1117 (citing *Paul v. Davis*, 424 U.S. 693 (1976)). As a result, Schultea has no valid claim for relief under section 1983 for violation of his Fourteenth Amendment due process rights.

  **b. Equal Protection**

In the amended complaint, Schultea cites to *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) to argue that he was a class of one subjected to intentionally different treatment from others similarly situated. Schultea essentially is making an equal protection claim. Traditionally, to bring an equal protection claim, a section 1983 plaintiff must show that "a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). Schultea is correct that the Equal Protection Clause may authorize a claim on behalf of a "class of one," as in

4

*Olech*, where the Supreme Court held that a homeowner could assert an equal protection claim as a class of one. 528 U.S. at 564. In such a case, a plaintiff need only allege that he was treated differently than others similarly situated[2], and that the government's action had no rational basis. *Id.* Schultea's complaint passes this test.

Defendants argue that the Fifth Circuit has not yet recognized the "class of one" equal protection claim in the employment context. In response, Schultea points to *Whiting v. University of S. Miss.*, 451 F.3d 339, 348 (5th Cir. 2006), where the court arguably assumed the potential viability of such a claim in the context of a university tenure decision. However, *Whiting* does not address the issue directly, and rejects the claim on summary judgment anyway, so its precedential value on this point is problematic. Earlier this year, the Fifth Circuit in another opinion suggested the question was still an open one. *See Nance v. New Orleans & Baton Rouge Steamship Pilots Ass'n*, 174 Fed.Appx. 849, 854 (5th Cir. April 10, 2006) ("What is less clear, and thus probably not clearly established, is whether this 'class of one' jurisprudence applies outside the zoning land use and assessment context,

---

[2] Defendants argue that because a three day suspension with pay does not implicate a constitutionally protected property interest under the Due Process Clause, such a suspension is also insufficient to trigger review under the Equal Protection Clause. In support of this contention, defendants cite to numerous cases holding that a brief suspension with pay does not warrant deprivation of a constitutionally protected property interest. *See e.g. Richards v. City of Weatherford*, 145 F.Supp.2d 786, 791 (N.D. Tex), *aff'd* 275 F.3d 46 (5th Cir. 2001). However, defendants do not cite any authority demonstrating that equal protection analysis requires deprivation of a recognized property or liberty interest. In *Flores-Ledezma v. Gonzales*, 415 F.3d 375, 382 n. 8 (5th Cir. 2005), the Fifth Circuit noted that it has never directly addressed whether a property interest is required to establish a Fifth Amendment equal protection claim. Until this issue is squarely resolved in favor of governmental defendants, this court is not inclined to foreclose such a claim at the pleading stage.

where it is typically employed."). Other courts outside the Fifth Circuit have extended *Olech's* "class of one" theory to employment cases. *See Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001); *Levenstein v. Salafsky*, 164 F.3d 345, 353 (7th Cir. 1998).

At this stage in the litigation, the court cannot rule out the possibility that Schultea has stated an equal protection claim. As explained above, the court should dismiss under rule 12(c) or 12(b)(6) only if it can determine with certainty that the plaintiff cannot prove any set of facts that would allow relief under the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scanlan v. Texas A & M Univ*, 343 F.3d 533, 536 (5th Cir. 2003). Because the Fifth Circuit has not expressly confined *Olech* to the land use context, this court cannot say with certainty that Schultea could not prevail on the facts alleged. Defendants' motion to dismiss Schultea's equal protection claim will accordingly be denied.

**2.    Defamation Claim**

Schultea brings a defamation claim against Munoz because of her statement that he should be suspended for cause at an open city council meeting. Schultea also alleges that the city council minutes were recorded, approved by the City Council, and published to the public. The defendants correctly assert that the defamation of a police officer by a city official in the course of disciplining the officer is barred by absolute immunity. *Gillum v. City of Kerrville*, 3 F.3d 117, 122 (5th Cir. 1993) (citing *Rosenstein v. City of Dallas* 876 F.2d 392, 397 (5th Cir. 1989)). However, Schultea argues that *Gillum* can be distinguished

6

from the present case because Munoz made the statements with malicious intent, and thus his suspension was not a proper exercise of the City's governmental function.

Statements "made in the due course of a quasi-judicial proceeding cannot serve as the basis of a civil action for defamation regardless of the negligence or malice with which they were made." *Lane v. Port Terminal R.R. Ass'n*, 821 S.W.2d 623, 625 (Tex. App. - Houston [14th Dist.] 1991, writ denied).  Even if Munoz's statement was made out of spite and with malicious intent, Munoz is absolutely immune from suit because her statement was made at a quasi-judicial hearing and in connection with a disciplinary action.

Because Munoz is protected from a defamation claim by absolute quasi-judicial immunity, Schultea cannot state a defamation a claim for which relief can be granted. Therefore, Schultea's defamation claim is dismissed.

**3.     Qualified Immunity**

Defendant Munoz asserts that even if Schultea had presented facts sufficient to survive the motion for judgment on the pleadings, these claims would be barred because she is entitled to official immunity.  Because the only claim surviving the 12(c) motion is the equal protection claim, Munoz's qualified immunity motion need only be considered with respect to that claim.

The doctrine of qualified immunity protects public officers from suit if their conduct does not violate any "clearly established statutory or constitutional rights of which a reasonable person would have known." *Linbrugger v. Abercia*, 363 F.3d 537, 540 (5th Cir.

2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity requires a two-step analysis. *Williams v. Kaufman Cty.*, 352 F.3d 994, 1002 (5th Cir. 2002). On a motion to dismiss, the court must first determine whether the facts alleged establish that the public official violated a clearly established constitutional right. *Linbrugger*, 363 F.3d at 540; *Williams*, 352 F.3d at 1002. If the answer is no, the inquiry is ended. If the answer is yes, the court must determine whether the official's conduct was objectively unreasonable under established law. *Linbrugger*, 363 F.3d at 540 (citing *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 490 (5th Cir. 2001)); *Williams*, 352 F.3d at 1002. The appropriate inquiry can be summarized as "whether the state of the law [at the time of the violation] gave [defendants] fair warning that their alleged treatment of [plaintiffs] was unconstitutional." *Williams*, 352 F.3d at 1003. An individual defendant's subjective state of mind is irrelevant to the qualified immunity inquiry. *Thomas v. Upshur Cty., Texas*, 245 F.3d 447, 457 (5th Cir. 2001).

Here, the inquiry ends at the first prong of the two-step analysis. Schultea's equal protection claim is based upon an extension of the *Olech* "class of one" theory to the employment context. While Schultea may conceivably have a "class of one" equal protection claim against the City, as noted above, such a claim has not been clearly established in the employment context, at least not in this circuit. In *Nance*, the Fifth Circuit explained that the class of one theory doctrine did not constitute a clearly established constitutional violation, as required by step one of the qualified-immunity analysis. 174 Fed.Appx. at 854. Therefore, it is not necessary to determine whether Munoz's conduct was objectively

8

reasonable under established law. Schultea has failed to establish that Munoz had been given fair warning under the law that her treatment of Schultea was unconstitutional. Munoz is entitled to official immunity.

## Conclusion

For the reasons discussed above, the court orders that defendants' motion for judgment on the pleadings be GRANTED in part and DENIED in part. With the exception of the equal protection claim against the City of Patton Village, the court hereby dismisses all other claims against defendants. Because the plaintiff has already amended its pleadings once, and based on counsel's representation at the hearing that plaintiff has pleaded his best case, the dismissal of these claims is with prejudice.

Signed at Houston, Texas on October 27, 2006.

_____
Stephen Wm Smith
United States Magistrate Judge